THE PANDA (A CORPORATION), APPELLANT, v. ALFRED
E. DRISCOLL, COMMISSIONER OF THE STATE DEPART-
MENT OF ALCOHOLIC BEVERAGE CONTROL OF THE
STATE OF NEW JERSEY, RESPONDENT.

Argued October 18, 1946—Decided January 17, 1947.

For the appellant, *Coult, Satz, Morse & Coult (Joseph Coult, Jr.,* of counsel).

For the respondent, *Walter D. Van Riper,* Attorney-General (*Thomas E. Hanson,* of counsel).

The opinion of the court was delivered by

McLEAN, J.  This matter is before the court on appeal from a judgment of the Supreme Court dismissing a writ of *certiorari* and affirming an order suspending the retail consumption license for the sale of alcoholic beverages of the appellant for a period of fifteen (15) days.

The Panda, a corporation, holds a plenary retail consumption license for the sale of alcoholic beverages, issued by the City of Newark for the premises No. 909 Frelinghuysen Avenue, in that city.  On or about February 4th, 1946, an inves-

tigator for the Commissioner visited the premises for the purpose of making a routine inspection. He tested the open stock of liquor of which he seized one bottle of Schenley Reserve Whiskey, which appeared to him to be questionable. A chemical analysis of the contents of the seized bottle disclosed that it was not genuine Schenley Reserve Whiskey as labeled. The Panda was notified of a hearing before the Commissioner on a charge that it had violated the provisions of R. S. 33:1–50, in that it had possessed "alcoholic beverage not genuine as labeled." The foregoing facts were disclosed by testimony at a hearing on that charge and thereupon the Commissioner made the order under review, finding The Panda guilty of the charge and suspending its license for fifteen (15) days commencing at 2 o'clock A. M., April 25th and terminating at 2 A. M., May 10th, 1946. The effect of the order was stayed pending this appeal.

We conclude that the action of the Commissioner was justified; that the rule in *State* v. *Cannizzaro,* 133 *N. J. L.* 383, relied upon by the appellant has no application in this case, and that there was ample evidence to support the charge.

*State* v. *Cannizzaro, supra,* is distinguishable from the present case because it was a criminal action and no person may be found guilty of a crime if the indictment upon which he is tried fails to charge a violation of the criminal law. This is a disciplinary action under R. S. 33:1–31. The charge is the possession of an illicit beverage in violation of R. S. 33:1–50. There is no requirement that a disciplinary action need be grounded upon a criminal violation. This is evidenced by the provisions of R. S. 33:1–31, empowering the Commissioner to suspend or revoke a license for violation of rules and regulations. Obviously, the rules and regulations formulated by the Commissioner of Alcoholic Beverages Control may not make that a crime which is not so denominated by the statute. It is patent from the consideration of 33:1–31 that licenses may be suspended or revoked for acts falling short of criminal.

In the present case, the Commissioner proceeded under R. S. 33:1–31 which provides: "Any license, whether issued by the Commissioner or any other issuing authority, may be

suspended or revoked by the Commissioner, * * * for any of the following causes: (a) violation of any of the provisions of this Chapter." The evidence disclosed that the appellant possessed a bottle containing an alcoholic beverage bearing a label which did not truly describe its contents, which under *Pamph. L.* 1939, *ch.* 177, *p.* 530, § 1, *R. S.* 33:1–88, was *prima facie* evidence that the bottle contained an illicit beverage. No evidence was offered by appellant to overcome this presumption. The possession of such illicit beverage is a misdemeanor under *R. S.* 33:1–50. Hence, such possession is a violation of a provision of the chapter and is ground for revocation or suspension of a license.

The judgment of the Supreme Court is affirmed.

*For affirmance* — The Chancellor, Chief Justice, Bodine, Donges, Heher, Perskie, Colie, Wachenfeld, Eastwood, Wells, Rafferty, Dill, Freund, McGeehan, McLean, JJ. 15.

*For reversal*—None.